Good morning, Your Honors. My name is Tara Allen, and I represent the appellant Larry DeYoung. May it please the Court. The issue presented in this case is whether the District Court erred in determining that the claims raised in the stricken first direct appeal brief filed by Attorney Leavitt were procedurally defaulted. The District Court's order, however, did not base its findings of procedural default on the fact that these claims were procedurally defaulted for different reasons altogether. Appellant has addressed those reasons in his appellant's opening brief and reply briefs, and has come to the conclusion that only the second claim of the stricken brief has been properly procedurally defaulted. The State has failed to adequately respond to these specific arguments, and has instead relied on the fact that the brief itself was fairly presented in the State court for purposes of federal habeas corpus. LARRY DEYOUNG If I understand the reasoning here, it's that in some of his collateral proceedings in State court, he raised issues, and the court said, it's premature. These are not properly raised here. You still have a direct appeal, and it should be raised there if it's direct appeal, but didn't raise those issues. My understanding is that's where the default occurred. KATHLEEN SULLIVAN The appellant sought to proceed pro per on direct appeal, and was not allowed to. He had appointed counsel. Through appointed counsel, which was the second appointed counsel, Gregan, filed a brief, and did not assert all the claims urged by the appellant, which he had the right to do as his appointed counsel. That was the right thing. He asserted those claims in petitions for post-conviction relief that he filed pro se. Now, as it turns out, that was exactly the right thing to do, because a lot of those claims were not either properly preserved in the trial court, either because they weren't objected to, or there weren't pretrial motions filed, or there wasn't an adequate record in the trial court to sustain those claims on a direct appeal review. For example, the juror misconduct claims needed further hearings. This may be why the second appellate appointed counsel, Gregan, did not raise those claims in his appellant's opening brief. We don't know that. But we do know that the petitioner pro se raised these claims, both substantively in his pro se petition for post-conviction relief, and through ineffective assistance of trial counsel, to the extent that those claims were not objected to, or were not raised properly in the trial court and preserved for direct appeal. And so I'm not sure it's a good argument that you can raise a claim on collateral attack rather than direct appeal, because you failed to object in the trial court or something. It seems to me that you may have. You can raise those under ineffective assistance of trial counsel. And that's exactly what the petitioner did in this case. Your position, as I understand it, is that this panel should address the merits of the claims, including the involuntary waiver of counsel claim, because in your opinion there's been, your client's opinion, there's been no procedural default? The involuntary issue was addressed by the district court. Which went right to the prejudice part of it, not to whether or not there was a default thing. That's correct. But if you, the petitioner alleges that he did not voluntarily waive counsel. He contends he involuntarily waived counsel. That's right. And that claim. That's never been decided, I think. Is that correct? It was discussed and decided on the merits in the state court, but not in the district court. So you'd say that claim has been exhausted in the state court. It's proper to consider in Federal court. And the merits of the claim should have been considered without getting to, before you get to the question of prejudice. Yes, Your Honor. That's correct. I'm looking at the excerpts of record, volume 1 of 3. I think these are your excerpts, if you have them there. It's volume 1 of 3, and it's under tab 6, which is the report and recommendation of the magistrate. Yes. Magistrate Duncan. And on page 13, starting at about line 11, the magistrate looking at the Arizona Court of Appeals resolution of the involuntary waiver of counsel claim concludes that what was done in the state trial court was proper under AEDPA. Didn't the district court adopt that? Yes, the district court. It adopted all of the recommendations, right? Yes. That suggests to me that the district court looked at the merits of this claim. Am I missing something here? I believe I addressed this in the reply brief. And the district court found that that claim was waived for failure to object at trial. However, because the state court, even though it found that in one of its opinions, it also decided it on the merits anyway. So the district court did not adopt the merits determination from the report and recommendations, but instead found that that claim, although exhausted, was waived for failure to objective trial. And so what we're asking the district court to do is now determine that claim on the merits as because the trial court did, and it's properly exhausted. The statute in our case law permits us to affirm the denial of habeas relief if it appears from the record before us that a petitioner could not prevail on the claim. Isn't that correct? Yes. Isn't there enough in front of us from the Arizona Court of Appeals, the magistrate's report from the district court action to conclude that this involuntary waiver of counsel claim lacks merit? What's not before us? I don't believe that there was a hearing in the state court on this issue. Well, it was there was the Arizona Court of Appeals had an extensive transcript of the colloquy in your client's off and on again request to represent himself, the psychologist report, the appointment of advisory counsel. Ultimately, the state trial court relented and let your client represent himself. Advisory counsel was present. There were contentions that records were not available. They were made available. What in the factual record needs to be looked at that would entitle the petitioner to go back to district court? What would the district court examine on the merits that hasn't been examined already? That is a good question. As I briefly explained to opposing counsel before I came up here, my entire record on this case, the excerpts of record and everything was lost in my luggage and I didn't get it till late last night, even though I had planned on putting together all my binders yesterday. I would ask permission of the court to give you an answer to that in a letter brief in the next 48 hours if it's important to the court's determination. Okay, go ahead. Did you want to save a little time for rebuttal? We've taken you down to under a minute. That would be great. Thank you. Thank you. And if something occurs to you about what I asked while you're here, I'll let you know. Thank you, counsel. We'll hear from the Director of Corrections at this time. Good morning, Your Honors. May it please the Court, my name is Aaron J. Moskowitz and I represent Respondents. In this case, the district court correctly included that all seven claims from the direct review Levitt brief were procedurally defaulted. Irrespective of which path this particular court wishes to take, either because the Levitt brief as a petition was struck by the Arizona Court of Appeals or if this Court elects to take a claim-by-claim approach to the seven claims raised in the Levitt brief, either way, this Court will inevitably conclude that all of the claims were procedurally defaulted. Judge Canby has raised an excellent point. The defendant was able to raise additional arguments in his direct review brief. He elected not to do so. The Arizona Court of Appeals affirmed the trial court's post-conviction relief denial from the first-slash-second consolidated petition for post-conviction relief. At that point, the Petitioner was able to argue in his direct review of the how or why or where the trial court got it wrong. But irrespective of the quantity of claims contained in that first-slash-second consolidated petition for post-conviction relief, the Petitioner elected to raise but five claims of only two claims in the petition for review from that post-conviction relief denial, ineffective assistance of counsel and judicial recusal. He argued that the post-conviction judge should have been a different judge than the trial court. For 14 years, this Court has affirmed the adequacy of Arizona's Rule 32 procedures, and to whatever extent that the Petitioner claims that raising an ineffective assistance of counsel claim can somehow exhaust the underlying claim, we believe that that is not a part of Federal constitutional law. Does the Court have any questions? Well, the you're saying that the in the in the first and second post-conviction reviews, that's where they told him, you still have an appeal pending, isn't it? That was one of the places. One of the things they told him was regard at least to some of the claims, and that you could still raise them on direct appeal. You could still raise them on direct review appeal. That's correct, Your Honor. So then he does not appeal that part of the lower court's ruling in the post-conviction review? It's unclear whether the Petitioner argued that, but the Arizona Court of Appeals definitely affirmed the trial court's judgment on that ground. I see. Okay. And then he didn't raise those things, or at least some of those things on direct appeal. Correct. They were not raised on direct review appeal. It's precluded under Rule 32.2a1. Mr. Horowitz, let me get you back to this involuntary waiver of counsel. And the claim seems to be that this particular Petitioner says he did not voluntarily waive counsel. Now, according to Ms. Allen, the State courts resolved that and said, yes, you did. You voluntarily waived counsel. That's the end of it. On the merits, do you understand that to be true? That is 50 percent of the State court's ruling. The State court preceded that on the merits discussion by citing State v. Isla, an Arizona case which states that if you fail to raise the claim in the trial court, it will be the equivalent of procedurally defaulted. It would be rather odd to apply that case law in this circumstance, wouldn't it? Because it is a State court's ruling. So we understand this is an interesting claim, but it would be kind of odd for someone who requested to represent themselves and then later on appealed, contended that that waiver of counsel under Ferretta was involuntary to have objected at the time, wouldn't it? It appears that some of it is circular, that either it was involuntarily waived or it wasn't waived. Is that — does that address Your Honor's concern? Yeah. I'm just — does it make sense to apply either Isla or Cain to this particular type of claim? To require a trial defendant to say, I want to represent myself, but, by the way, if a court later determines that my Ferretta waiver was involuntary or not knowing or consensual, I want to object if Your Honor is going to allow me to represent myself. That doesn't make any sense, does it? It makes no sense, Judge Hawkins. It's the same type of argument where a person can claim that they don't want — they don't want counsel, and then they argue that they themselves committed ineffective assistance of counsel. This — it's the on-again, off-again request for counsel, for hybrid counsel, for — to proceed pro se, that the State trial court and the Arizona court of appeals bent over backwards to give this particular Federal habeas petitioner. Well, did the State court decide the merits of the claim? Of the involuntary counsel claim, Judge Thompson? Yes. Absolutely, they did. Okay. Then we get over to the Federal court, and the defendant asserts the claim again. And we know that on appeal — or, rather, we know the district judge said, well, this claim will not succeed because the petitioner was not prejudiced. But has anybody ever said or looked at the claim, he did not involuntarily waive counsel? He voluntarily waived it, and that's that. I know that the Arizona court of appeals did address both prongs, the performance of the district court. In fact, the district court did address this particular claim and said that because the Arizona court of appeals made a tangential consideration of the merits, the district court did engage in the involuntary waiver of counsel argument, and concluded that because the petitioner was not prejudiced, the claim would fail. But that sort of assumes, I guess, that there was a violation, but it didn't prejudice the petitioner. But we don't know that. I'm not — I'm not sure about that portion of the record, Your Honor. I'm not either. Okay. I see no other questions. Thank you for your argument. Thank you very much. Rebuttal. It's still petitioner's position that the district court erred in finding the involuntary waiver of the right to counsel claim to be procedurally defaulted by relying on the state court's finding of waiver and not addressing the merits. Petitioner also agrees with the court that it doesn't make any sense to hold an improper defendant to object to his own waiver of counsel when you're raising that on appeal. And we don't believe that it's analogous to arguing ineffective assistance of counsel when a petitioner is representing themselves. The inquiry there is completely different. And unless the Court has any other questions, does counsel have permission to answer the others? I don't see any. We'll take that up at conference. I noticed from the brief that you're from Montana. Yes, sir. And is that where your office is? Yes, Your Honor. Would you like to look at the excerpts and briefs that the court has in our library instead of trudging all the way back to Montana? I have all the excerpts with me. And the briefs? Yes, they came late last night. So you have them? Yes. We have a library right downstairs if you'd like to go downstairs and take a look at that stuff. I can't tell you what the panel's going to do after we confer on this. But if you'd like to go down there and use the library facilities, you can. Thank you, Your Honor. Thank you. The case just argued. Thank both counsels for coming in today. It will be submitted for decision. We'll proceed to the next.
judges: Canby, Thompson, Hawkins